UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60414-CIV-SINGHAL

CRISTOFER JOSE GOMEZ VARELA,

     Petitioner,

v.

CARLOS NUNEZ, *et al.* ,

     Respondent.

_____/

## ORDER SETTING HEARING

Petitioner is a Honduran national who entered the United States in 2011 without inspection.  (DE [1] ¶ 44).  On October 28, 2025, Petitioner was detained during a traffic stop, and he was transferred to Broward Transitional Center.  *Id.* ¶ 45.  Petitioner was placed in removal proceedings, which are pending.  *Id.* ¶ 46.  Petitioner requested release on bond, but the immigration judge denied Petitioner's request under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).  *Id.* ¶¶ 48-49.  Petitioner then filed the present Petition for Writ of Habeas Corpus (DE [3]).  The government responded, (DE [8]), and the Court held a hearing on March 4, 2026.  (DE [12]).  Despite the excellent arguments that Petitioner's counsel raised at the hearing, the Court determines that Petitioner is lawfully detained pursuant to 8 § 1225(b)(2).  The Petition (DE [1]) is denied.

I.     LEGAL STANDARD

District courts have authority to grant writs of habeas corpus.  28 U.S.C. § 2241(a).  Habeas corpus is fundamentally "a remedy for unlawful executive detention."  *Munaf v. Geren,* 553 U.S. 674, 693 (2008) (citation omitted).  A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal

law.  *See* 28 U.S.C. § 2241(c)(3).  The court's jurisdiction extends to challenges involving immigration-related detention.  *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

II.      DISCUSSION

Petitioner claims that he has been unlawfully detained without bond, and that he should be released under 8 U.S.C. § 1226.  This Court has previously explained that aliens present in the United States without admission are "applicants for admission" under 8 U.S.C. § 1225 and are therefore subject to mandatory detention under § 1225.  *See, e.g.*, *Morales v. Noem*, — F. Supp. 3d —, 2026 WL 236307, at *8 (S.D. Fla. Jan. 29, 2026); *Banchi v. Diaz*, No. 0:25-cv-62341 (S.D. Fla. Feb. 2, 2026); *Doria v. Warden, Broward Transitional Center*, No. 0:26-cv-60112 (S.D. Fla. Feb. 9, 2026).  Multiple courts of appeals have done the same.  *See Buenrostro-Mendez v. Bondi*, — F.4th —, 2026 WL 323330, at *4 (5th Cir. Feb. 6, 2026); *Avila v. Bondi*, — F.4th —, 2026 WL 819258, at *4 (8th Cir. Mar. 25, 2026).  And other district courts have also reached the same conclusion.  *See, e.g.*, *Lopez v. Dir. of Enf't & Removal Operations*, — F. Supp. 3d —, 2026 WL 261938, at *7 (M.D. Fla. Jan. 26, 2026); *Weng v. Genalo*, 2026 WL 194248, at *3 (S.D.N.Y. Jan. 25, 2026).  This case is no different.  Petitioner entered the country without inspection, and was therefore an applicant for admission.  (DE [1] ¶ 45).

Petitioner tries to distinguish these cases and argues that the Notice to Appear he received places him under § 1226, not § 1225.  At the hearing, Petitioner argued that on the Notice to Appear, Department of Homeland Security ("DHS") had checked the box for "You are an alien present in the United States who has not been admitted or paroled," instead of the "You are an arriving alien box."  But both of those boxes apply to an applicant for admission—"An alien present in the United States who has not been admitted . . . ." 8 U.S.C. § 1225(a)(1).  Only checking the third box, "You have been

2

admitted to the United States, but are removable for the reasons stated below," requires that the detainee receive a bond hearing under § 1226.  *See Ramirez v. Charles*, — F. Supp. 3d —, 2026 WL 827155, at *2 (S.D. Fla. Mar. 26, 2026) (ordering petitioner be granted a bond hearing when DHS checked the third box).  Petitioner was not inspected and is therefore an applicant for admission.  The government may, under the present statutory scheme, detain Petitioner under § 1225(b)(2).

Petitioner then argues that his detention violates the INA's regulations.  Petitioner points to *Executive Office for Immigration Review: Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum*, 62 Fed. Reg. 10312, 10333 (Mar. 6, 1997).  There the agency stated that "[d]espite being applicants for admission, aliens who are present without having been admitted or paroled (formerly referred to as aliens who entered without inspection) will be eligible for bond and bond redetermination."  He argues that this statement shows that "individuals who had entered without inspection were eligible for consideration for bond."  (DE [1] ¶ 55).

There are three issues with this argument.  First, this statement in the Federal Register is not part of a codified regulation but is the agency's explanation, during the notice and comment process, of an interim rule.  It is therefore not a regulation binding on anyone.  It is the regulatory equivalent of legislative history.  Second, as this Court explained in *Morales*, § 1225 and § 1226 both cover non-admitted aliens—applicants for admission.  The Government has always had authority to detain applicants for admission under either statute.  Prior to 2025 however, the executive chose to offer bond to applicants for admission already present in the country under § 1226.  The executive now is exercising its discretion to detain applicants for admission under § 1225.  This is not a change of interpretation; this is a permissible use of executive power to execute the law

3

as the chief executive determines best.  The separation of powers mandates that the Court cannot direct the executive how to execute the laws.

Third, this statement in the Federal Register actually cuts against Petitioner's statutory argument.  The agency determined that "aliens who are present without having been admitted or paroled  . . . will be eligible for bond and bond redetermination" "*despite being applicants for admission*."  62 Fed. Reg. at 10333 (emphasis added).  In other words, DHS stated that it would detain applicants for admission under § 1226 even though § 1225 applied.  Since 1997, DHS has recognized that § 1225 applies to applicants for admission.  Until 2025, DHS chose not to enforce it.  Starting in 2025, DHS chose to apply § 1225.  These are both lawful executive decisions.

Petitioner's argument that his detention violates 8 C.F.R. §§ 236.1, 1236.1, and 1003.19 fails for the same reasons.  These regulations state that an immigration officer *"may, in the officer's discretion,* release an alien" under § 1226. 8 C.F.R. § 236.1(c)(8); 8 C.F.R.  § 1236.1(c)(8)  These regulations do not require immigration officials to release all detainees, including those detained under § 1225.  In fact, the officers' discretion is limited to releasing aliens under § 1226 and § 1252 (not relevant here).  These regulations give the officers discretion to release aliens under specific provisions, not under all the detention provisions of the Immigration and Nationality Act.  For many years, immigration officials did exercise their discretion to grant bond under § 1226.  But now, at DHS's directive, these same officials are exercising their authority to detain applicants for admission under § 1225.  This change is compatible with these regulations—officials may still release admitted aliens under § 1226.  The only difference is that applicants for admission detained under § 1225 are not being released.  This change is a permissible enforcement decision, and it does not contravene these regulations.

Petitioner's due process arguments are similarly of no avail.  *See, e.g.*, *Arroyo v. Diaz*, -- F. Supp. --, 2026 WL 279656, at *6 (S.D. Fla. Feb. 2, 2026); *Morales*, 2026 WL 236307, at *9.  The "[Supreme] Court has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process."  *Demore v. Kim*, 538 U.S. 510, 523 (2003).  "[A]liens are not entitled to a bond hearing while they pursue withholding of removal."  *Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021).  Because the Supreme Court has upheld the constitutionality and lawfulness of detention without bond, Petitioner's due process rights have not been violated.

III.    CONCLUSION

For the reasons discussed above, the Court concludes that Petitioner's detention is lawful under 8 U.S.C. § 1225(b)(2).  Petitioner is not entitled to release or a bond hearing pending removal.  Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Petition (DE [1]) is **DENIED**.  The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 8th day of April 2026.

Copies furnished counsel via CM/ECF

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE